UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDEN WILLIE ISELI,<br><br>   Petitioner,<br><br>   v.<br><br>JEFF LYNCH,<br><br>   Respondent. | Case No.  2:24-cv-00821-DAD-JDP (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION AS UNAUTHORIZED AND SUCCESSIVE, AND DENYING REMAINING MOTIONS<br><br>(Doc. Nos. 8, 9, 10) |

Petitioner, a state prisoner proceeding *pro se* and *in forma pauperis*, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 30, 2024, the assigned magistrate judge reviewed the pending petition and issued findings and recommendations recommending that it be summarily dismissed as an unauthorized second or successive petition.  (Doc. No. 8.)  Specifically, the magistrate judge found that petitioner was again seeking federal habeas review of his same San Joaquin County Superior Court first-degree murder and attempted murder convictions that he had unsuccessfully challenged in an earlier petition filed in this court.  (*Id.* at 2) (citing *Iseli v. People of the State of California,* No. 2:22-cv-01483-TLN-EFB, Doc. Nos. 1, 23, & 31 (E.D. Cal.)).  The magistrate judge also noted that it did not appear that petitioner had obtained authorization from the Ninth Circuit Court of Appeals to proceed with a second or successive petition as is required.  (*Id.*)

1    The pending findings and recommendations were served on the parties and contained
2 notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.*)
3 To date, no objections to the findings and recommendations have been filed, and the time in
4 which to do so has long since passed.[1]

5    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this
6 court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the
7 court finds the findings and recommendations to be supported by the record and by proper
8 analysis.

9    Having determined that petitioner is not entitled to habeas relief, the court now turns to
10 whether a certificate of appealability should issue. "[A] state prisoner seeking a writ of habeas
11 corpus has no absolute entitlement to appeal a district court's denial of his petition," and an
12 appeal is allowed only in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36
13 (2003); *see* 28 U.S.C. § 2253(c)(1)(A) (permitting habeas appeals from state prisoners only with a
14 certificate of appealability). Where, as here, "the court denies habeas relief on procedural
15 grounds without reaching the prisoner's underlying constitutional claims," the court should issue
16 a certificate of appealability "if jurists of reason would find it debatable whether the petition
17 states a valid claim of the denial of a constitutional right, and that jurists of reason would find it
18 debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529
19 U.S. 473, 484 (2000). But "[w]here a plain procedural bar is present . . . a reasonable jurist
20 [cannot] conclude either that the district court erred in dismissing the petition or that the petitioner
21 should be allowed to proceed further." *Id.* Because the petitioner's pending application is clearly
22 barred, the court declines to issue a certificate of appealability.

---

[1] Petitioner has filed several documents with this court since the issuance of the findings and recommendations, but none of them can be construed as objections. Rather, on October 10, 2024, petitioner filed with this court a request for authorization to file a successive petition. (Doc. No. 9.) It is unclear whether that request was filed with the Ninth Circuit as is required. Thereafter, on October 10, 2024, petitioner filed a motion for a 14–day extension of time to respond to any pending matters. (Doc. No. 10.) Finally, on November 11, 2024, petitioner filed what purports to be a notice of appeal. (Doc. No. 11.) All of petitioner's pending motions and requests will be denied as having been rendered moot by this order of dismissal.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on August 30, 2024 (Doc. No. 8) are adopted in full;
2. The petition (Doc. No. 1) is dismissed as successive and unauthorized without prejudice to its re–filing if authorization is first obtained from the Ninth Circuit Court of Appeals as required;
3. Petitioner's other requests and motions (Doc. Nos. 9, 10) are denied as moot in light of this dismissal order;
4. The court declines to issue a certificate of appealability; and
5. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **March 4, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3